IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DONALD LEE BOWIE | § | |
| TDCJ-CID NO. 1584068 | § | |
| v. | § | C.A. NO. V-10-095 |
| | § | |
| RICK THALER | § | |

**OPINION AND ORDER GRANTING**
**RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Stevenson Unit in Cuero, Texas. (D.E. 1). On December 27, 2010, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a disciplinary proceeding. Pending is Respondent's motion for summary judgment. (D.E. 12). Petitioner filed a response on August 17, 2011. (D.E. 13). For the reasons stated herein, Respondent's motion for summary judgment is granted, and this habeas petition is dismissed.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner is confined in Cuero, Texas. (D.E. 1). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(5). Upon consent of the parties, (D.E. 5, 15), the action was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 16); see also 28 U.S.C. § 636(c).

## II. BACKGROUND

On September 27, 2010, Petitioner was notified that he was being charged by Texas Department of Criminal Justice ("TDCJ") officials with the offense of "strok[ing] his penis in

public." (D.E. 12-2, at 3). At the hearing on September 29, 2010, the disciplinary hearing officer found him guilty as charged on the basis of the charging officer's report and testimony. Id. As a result, the TDCJ assessed a forty-five day loss of commissary privileges, imposed forty-five days of cell restrictions, and reduced his line class from L1 to L2. Id.; (D.E. 1, at 5).

Petitioner then submitted a Step 1 grievance on October 7, 2010 appealing the ruling in the disciplinary proceeding. (D.E. 12-3, at 4). He maintained his innocence and asserted that the charging officer was retaliating against him for previously filing a grievance against her. Id. He also asserted that he "had witnesses to support my claim," and he argued that there was insufficient evidence to support the conviction. Id. This grievance was denied on October 25, 2010 because "[t]here was sufficient evidence for a finding of guilt," "[t]here was no evidence or [sic] retaliation found," and "[t]here were no procedural errors identified." Id.

In his Step 2 grievance submitted on November 1, 2010, Petitioner continued to assert that the charging officer had fabricated the evidence against him and that he possessed a statement from a witness supporting his contentions. Id. at 5-6. He also maintained that this disciplinary conviction "effective [sic] my parole and my family." Id. at 6. On November 18, 2010, this grievance was denied on the basis that the "guilty verdict was supported by a preponderance of the evidence" and "[a]ll due process requirements were satisfied." Id. at 6. Following the denial, Petitioner filed this action.

## III. PETITIONER'S ALLEGATIONS

Petitioner alleges that the TDCJ disciplinary proceeding was constitutionally defective because: (1) the evidence was insufficient to support a conviction for sexual misconduct; (2) he was denied witnesses at the disciplinary proceeding; (3) he was denied Due Process during the

hearing because the hearing officer denied his witnesses and did not base his decision on physical evidence, such as photographs; and (4) his conviction on a fabricated charge resulted in the denial of his parole hearing. (D.E. 1, at 7-8).

## IV. DISCUSSION

Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner has neglected to exhaust two of his claims and failed to allege a deprivation actionable pursuant to federal habeas law as to the remainder. (D.E. 12, at 4-8).

### A. The Standard Of Review For Summary Judgment Motions.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992) (citations omitted). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l

Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1992) (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B. Petitioner Failed To Exhaust His Claims Regarding The Improper Denial Of His Witnesses And The Denial Of His Parole Hearing.**

Petitioner argues that the disciplinary hearing violated his rights because he was denied the opportunity to present witnesses. He also contends that his wrongful conviction resulted in the cancellation of his parole interview. (D.E. 1, at 8). Respondent asserts that these claims are procedurally barred because they were not properly exhausted through the prison's appeal process. (D.E. 12, at 4-6).

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: (1) the inmate has exhausted his legal remedies in the state courts; (2) state corrective processes are absent; or (3) circumstances render such processes insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when the

substance of the federal habeas claim has been fairly presented to the highest court of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted). However, because Texas state courts do not review the results of prison disciplinary proceedings, a petitioner is required to pursue his claims through the prison administrative appeals process, rather than state court. Ex parte Palomo, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (en banc) (citing Ex parte Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1985) (en banc)).

The TDCJ provides a two-step procedure for presenting administrative grievances. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam) (citation omitted). An inmate properly exhausts a claim by presenting it in Step 1 and Step 2 grievances. See Morgan v. Dretke, 433 F.3d 455, 456-57 (5th Cir. 2005); Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) (citing to TDCJ Administrative Directive No. AD-03.82 (rev. 1), Policy ¶ IV (Jan. 31, 1997)). Inmates must submit a Step 1 grievance within fifteen days of the alleged incident or occurrence giving rise to the grievance, and a Step 2 grievance must be submitted within fifteen days of the date that the Warden signed the Step 1 grievance. Texas Dep't of Criminal Justice, Offender Orientation Handbook 52 (2004), available at http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf. A claim must be pursued through both grievance steps before it can be considered exhausted. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004) (citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001)).

Failure to exhaust state remedies is excused pursuant to § 2254(b)(1)(B)(ii) "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per

curiam) (citation omitted); accord Graham v. Johnson, 94 F.3d 958, 969 (5th Cir. 1996) (per curiam) (quoting Duckworth); see also Wilwording v. Swenson, 404 U.S. 249, 249-50 (1971) (per curiam) (refusing to require prisoners challenging their living conditions and disciplinary sanctions to exhaust theoretical avenues for state relief that the state courts had never before entertained). Notwithstanding a petitioner's failure to exhaust state remedies, an application for a writ of habeas corpus may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Where a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" then the claims are procedurally defaulted. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Federal habeas corpus relief may only be granted on procedurally defaulted claims if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted). Cause is demonstrated by showing "some objective factor external to the defense impeded ... efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986); accord Meanes v. Johnson, 138 F.3d 1007, 1011 (5th Cir. 1998) (quoting Murray). The prejudice requirement likely rests on a determination of whether the petitioner has "suffered ... [to a] degree sufficient to justify collateral relief." United States v. Frady, 456 U.S. 152, 168 (1982).

Respondent claims, and Petitioner does not deny, that he failed to mention either the disciplinary officer's denial of his witnesses or the effect of the disciplinary conviction on his

parole eligibility in both of his Step 1 and Step 2 grievances. (D.E. 12, at 4). A review of the content of both grievances shows that neither claim was exhausted. While Petitioner did mention the existence of a favorable witness in both grievances, it was never made clear that he was not allowed to present these witnesses at the disciplinary hearing. Such an innocuous reference to the existence of a witness does not adequately reveal the substance of Petitioner's complaint. See Picard v. Connor, 404 U.S. 270, 275 (1971) ("We emphasize that the federal claim must be *fairly presented* to the state courts.") (emphasis added); Nobles, 127 F.3d at 420 ("To have exhausted his state remedies, a habeas petition must have fairly presented the substance of his claim to the state courts.") (citing Picard). Moreover, Petitioner waited until the Step 2 grievance before complaining about how his disciplinary infraction was affecting his parole eligibility. Proper exhaustion, however, requires inmates to take all claims through both grievance steps. Johnson, 385 F.3d at 515 (citation omitted). Therefore, he has failed to exhaust both claims through the TDCJ's administrative grievance process.

Because the deadlines for exhausting this claim through the TDCJ's grievance protocols have elapsed, Petitioner is procedurally barred from raising this claim. See Turner v. Thaler, No. H-09-3562, 2010 WL 5188155, at *4 (S.D. Tex. Dec. 14, 2010) (unpublished) (finding procedural default where prisoner failed to present each ground for relief in both grievance steps). Furthermore, no basis for excuse of exhaustion or exception to procedural default are apparent from the record. Accordingly, Petitioner's claims regarding the denial of witnesses and the denial of his parole interview are dismissed because they have been procedurally defaulted.[1]

---

[1] In addition, there is no protected liberty interest in parole on which habeas relief may be granted. Texas state prisoners may become eligible for release either by parole, or through a mandatory supervised release program. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Since 1977, Texas law has provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an

**C. Petitioner's Due Process Challenge Of His Disciplinary Punishment Does Not Implicate A Constitutionally Protected Right.**

Petitioner complains about the adverse disciplinary action flowing from his conviction at the disciplinary proceeding. (D.E. 1, at 5, 8). Respondent, however, counters that Petitioner failed to allege the requisite constitutional deprivation necessary for federal habeas relief to be granted. (D.E. 12, at 6-7). Specifically, Respondent argues that neither the forty-five days loss of commissary privileges, the forty-five days of cell restrictions, nor the reduction in line class from L1 to L2 amount to liberty interests protected by the Due Process Clause. Id. at 7-8.

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison, 104 F.3d at 768 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)); see also Malchi, 211 F.3d at 957 ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States'") (citation omitted). The Supreme Court has explained that:

> [T]hese [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

---

inmate's sentence. Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994) (per curiam) (quoting Tex. Rev. Civ. Stat. Art. 6181-1, § 4) (now codified at Tex. Gov't Code § 498.003(a)). An inmate's interest in parole, however, is entirely speculative, and as such, an inmate has no constitutional expectancy in parole. Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) (quoting Madison, 104 F.3d at 768); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has no liberty interest in obtaining parole in Texas).

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

**1. Petitioner had no liberty interest in his commissary or cell privileges.**

As a result of Petitioner's disciplinary conviction, he lost forty-five commissary days and had forty-five days of cell restrictions imposed. (D.E. 12-2, at 3). The loss of commissary and cell privileges, however, are not atypical, significant deprivations that could encroach upon any liberty interest. Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[petitioner's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivations in which a state might create a liberty interest."). Similarly, segregated confinement as a disciplinary sanction has not been found to implicate constitutional liberty interests. Sandin, 515 U.S. at 486.

The Supreme Court and Fifth Circuit have addressed these issues directly and concluded that they are not the type of liberty interests protected by the Fourteenth Amendment. Petitioner's challenge of the forty-five days loss of commissary privileges and forty-five days of cell restrictions therefore do not invoke actionable liberty interests.

**2. Petitioner had no liberty interest in his line class status.**

Petitioner's line class was also reduced from L1 to L2 as a result of the disciplinary hearing. (D.E. 1, at 5); (D.E. 12-2, at 3). The Fifth Circuit has held that prisoners do not have a protected interest in assignment to any good-time credit earning status. Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam). Simply put, even if the TDCJ

erroneously convicted Petitioner because its deficient procedures would otherwise have violated Due Process, the lack of any constitutional deprivation of liberty means there is no Due Process violation.

Accordingly, Petitioner fails to state a claim based on the change in his line class.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate

whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Petitioner is not entitled to a certificate of appealability.

## VI. CONCLUSION

Based on the foregoing reasons, Respondent's motion for summary judgment, (D.E. 12), is GRANTED, and this habeas petition, (D.E. 1), is DISMISSED. Additionally, Petitioner is denied a certificate of appealability.

ORDERED this 10th day of November 2011.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE